NO. 07-01-0140-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 6, 2001

_____

JOHN DAVID HURD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY CRIMINAL COURT AT LAW NO. 2 OF HARRIS COUNTY;

NO. 1027078; HONORABLE MICHAEL PETERS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND

Appellant John David Hurd was convicted of the misdemeanor offense of driving while intoxicated and sentenced to 21 days confinement in the Harris County jail and a fine of $2,000. Timely notice of appeal was given. However, we have received no brief from appellant in this matter.

We notified appellant by letter dated July 24, 2001, that his brief should have been filed no later than June 21, 2001, but we had received no such brief or motion for extension of time to file one. We warned appellant that if no satisfactory response was received by August 3, 2001, we would abate the appeal to the trial court. In response, appellant filed a motion for extension of time on August 9, 2001, requesting until September 22, 2001, to file his brief. We granted the motion giving appellant until Friday, September 21, 2001, with a warning that because of the length of the extension granted, the court would expect the brief to be filed on that date. As of this time, we have once again received neither a brief nor a motion for extension of time within which to file one. This state of affairs requires us to abate this appeal to the trial court for a hearing as provided by Texas Rule of Appellate Procedure 38.8(b)(2). Accordingly, this appeal is abated and the cause remanded to County Criminal Court at Law No. 2 of Harris County.

Upon remand, the judge of the trial court shall immediately cause notice to be given and conduct a hearing to determine:

1. Whether appellant has abandoned his appeal.

2. If appellant has not abandoned his appeal, whether his present appellate attorney will diligently pursue the appeal and what steps, if any, should be taken to ensure that diligence.

3. If it be determined that the present attorney will not diligently pursue the appeal, whether appellant is presently indigent, and if so, whether other counsel should be appointed to represent him.

4. If it be determined that another attorney should be appointed, the name, address, and State Bar of Texas identification number of the attorney appointed.

2

5.  If appellant is not indigent and the present attorney will not diligently pursue the appeal, what steps need to be taken to ensure that appellant will promptly obtain the services of another attorney to pursue the appeal.

6.  Whether appellant has been deprived of a diligent appeal by ineffective assistance of counsel or for any other reason.

7.  If any other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

In support of its determinations, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record.  The hearing proceedings shall be transcribed and included in a supplemental reporter's record.  The supplemental clerk's and reporter's records shall be submitted to the clerk of this court no later than December 6, 2001.

It is so ordered.

Per Curiam

Do not publish.